T.C. Summary Opinion 2002-88

UNITED STATES TAX COURT

THOMAS S. RUSSO, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5161-01S.                    Filed July 12, 2002.

Thomas S. Russo, pro se.

Margaret A. Martin, for respondent.

WOLFE, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue.

Pursuant to notices of deficiency dated January 22, 2001, respondent determined the following deficiencies in, and additions to, petitioner's Federal income tax:

| | | Additions to Tax | | |
| | | Sec. | Sec. | Sec. |
| Year | Deficiency | 6651(a)(1) | 6651(a)(2) | 6654(a) |
|------|-----------|------------|------------|---------|
| 1996 | $15,479 | $3,174.53 | $3,103.98 | $742.87 |
| 1997 | 11,741 | 2,271.10 | 1,618.56 | 531.55 |
| 1998 | 25,018.20 | 5,017.54 | 2,230.02 | 1,006.60 |

After the mailing of the notices of deficiency and before the filing of the petition, petitioner filed Federal income tax returns for 1996, 1997 and 1998 indicating taxes for those years of $9,147, $7,099 and $35,119, respectively. After the filing of the petition, respondent filed an answer alleging that the correct amounts of deficiencies for 1996, 1997 and 1998 are $9,147, $7,099 and $35,119, the amounts shown on the tax returns filed by petitioner. In the answer, respondent further asserted that petitioner is liable for additions to the tax for each of the taxable years 1996, 1997 and 1998. Also in the answer, respondent asserted that for 1998 the addition to tax pursuant to section 6651(a)(1) should be $5,017.54, the amount initially determined by respondent, plus an increase of $2,130.04 and that for 1998, the addition to tax pursuant to section 6651(a)(2) should be 0.5 percent of the amount of income tax shown on the 1998 return ($35,119), commencing on the due date of the petitioner's return and accruing for each month or fraction

thereof during which the petitioner fails to pay, not exceeding 25 percent in the aggregate.

The issues for decision are whether petitioner is liable for additions to tax under sections 6651(a)(1), (2), and 6654(a) for 1996, 1997, and 1998.

Some of the facts, including the correct amounts of petitioner's income for the years in issue and the correct amounts of deficiencies, have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Pittsburg, California.

### Background

Petitioner and his former wife, Sylvia Russo (Sylvia), are the parents of two sons, Salvatore and Anthony. Petitioner and Sylvia separated in October 1995 and subsequently divorced. Petitioner and Sylvia shared joint custody of their sons, with Sylvia having primary physical custody. In 1997 petitioner married Belinda Russo, to whom he was married at the time of trial.

In May or June of 1999, Sylvia allegedly refused to allow Salvatore and Anthony to visit petitioner. Later that summer, petitioner's sons informed him that Sylvia had been verbally and physically abusing them. Petitioner contacted an attorney in order to seek temporary physical custody of his sons.

Petitioner filed his 1996, 1997, and 1998 Federal income tax returns on January 30, 24, and 30 of 2001, respectively.  Before respondent received the returns, respondent had prepared substitute returns for those years pursuant to section 6020(b).  On the basis of the substitute returns, respondent issued three notices of deficiency to petitioner, each dated January 22, 2001, for the taxable years 1996, 1997, and 1998.  Respondent determined deficiencies and additions to tax under sections 6651(a)(1), (2), and 6654(a) for all 3 years.  The deficiencies differed from the amounts shown as the tax on the respective returns that petitioner later submitted.  Prior to trial, respondent and petitioner stipulated that the amounts shown as the tax on the returns that petitioner submitted were the correct amounts.  The parties further stipulated that petitioner's correct tax liabilities for 1996 and 1997 ($9,147 and $7,099, respectively) were not fully paid until petitioner filed the returns for those years on January 30 and January 24, 2001, respectively, and that petitioner's correct tax liability for 1998 ($35,119) had not been paid in full on the date the case was called for trial.

## Discussion

Section 6651(a)(1) imposes an addition to tax for a taxpayer's failure to file a required return on or before the specified filing date, including extensions.  The amount of this addition to tax is 5 percent of the tax required to be shown on

the return for each month for which there is a failure to file, not to exceed 25 percent.  Section 6651(a)(2) imposes an addition to tax of 0.5 percent per month up to 25 percent for failure to pay the amount shown as tax on the return.  A taxpayer may be subject to both paragraphs (1) and (2) of subsection (a), in which case the amount of the addition to tax under paragraph (1) is reduced by the amount of the addition to tax under paragraph (2) for any month to which an addition to tax applies under both paragraphs.  The combined amounts under paragraphs (1) and (2) cannot exceed 5 percent per month.  Sec. 6651(c)(1).

To avoid the additions to tax under section 6651(a)(1) and (2), a taxpayer must satisfy the burden of proving that his failure to timely file returns and pay tax was due to reasonable cause and not due to willful neglect.  See United States v. Boyle, 469 U.S. 241, 245 (1985); E. Wind Indus., Inc. v. United States, 196 F.3d 499, 504 (3d Cir. 1999); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).[1]  "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence, but nevertheless he was unable to file the return within the prescribed time.  United States v. Boyle, supra at

---

[1] Respondent concedes that respondent bears the burden of production with respect to the additions to tax under sec. 7491(c).  The parties have stipulated that petitioner filed his 1996, 1997, and 1998 tax returns in January 2001.  Accordingly, we conclude that respondent has met the burden of production, and petitioner must come forward with evidence sufficient to persuade us that respondent's determinations and assertions are incorrect. See Higbee v. Commissioner, 116 T.C. 438, 447 (2001).

246; sec. 301.6651-1(c)(1), Proced. & Admin. Regs. "Willful neglect" means a conscious, intentional failure or reckless indifference. United States v. Boyle, supra at 245. Whether the elements that constitute reasonable cause or willful neglect are present in any given situation is a question of fact. Id. at 249 n.8.

Petitioner attributes his failure to file returns timely and pay tax timely for the 3 years at issue to his embroilment in an acrimonious divorce from Sylvia and his efforts to protect his sons from her alleged abuse.

We have held that a taxpayer's marital problems such as divorce, even when coupled with other unrelated problems, are an insufficient basis to establish reasonable cause for late filing. See, e.g., Riffey v. Commissioner, T.C. Memo. 1992-426; Weiland v. Commissioner, T.C. Memo. 1982-601.

In the present case, petitioner emphasizes that he was distracted by his former wife's abusive treatment of his sons. Petitioner testified that after his sons informed him of the abuse: "everything I did, all my money, time, and everything went towards my kids. I got a lawyer * * * [and] went back to court". Petitioner described himself as becoming "possessed" upon discovering the alleged abuse. Petitioner delivered his testimony that he became upset on learning of the abuse of his sons in a convincing manner.

Nevertheless, we need not decide whether the alleged abuse of petitioner's children and the ensuing turmoil it created in petitioner's life were sufficient to establish reasonable cause for his untimely filing and payment of tax. In a sworn affidavit made in 1999 in connection with his request for temporary physical custody of his sons, petitioner declared that he did not become aware of the alleged abuse until the summer of 1999. In light of this admission, it is clear that the alleged abuse played no role in petitioner's failure to file returns timely and pay tax for 1996 through 1998. By the time the abuse was discovered, according to petitioner's own documentation, the 1996 return was more than 2 years late, the 1997 return was 1 year late, and the 1998 return was overdue. Thus, when the event on which petitioner relies occurred, he already had established a pattern of failing to file the tax returns and pay the tax here in issue for reasons other than the alleged abuse of his sons. We are not convinced that the reasons for petitioner's failure to file or pay taxes changed after mid-1999. Accordingly, we hold that petitioner is liable for the additions to tax under section 6651(a)(1) and (2) for the years at issue.

The next issue for decision is whether petitioner is liable for a section 6654(a) addition to tax for underpayment of estimated tax for the years at issue. Section 6654(a) provides that in the case of an underpayment of estimated tax by an individual there shall be added to the tax an amount determined

by applying the underpayment rate established under section 6621 to the amount of the underpayment for the period of the underpayment. Unless the taxpayer demonstrates that one of the statutory exceptions applies, imposition of the section 6654(a) addition to tax is mandatory where prepayments of tax, either through withholding or by making estimated quarterly tax payments during the course of the taxable year, do not equal the percentage of total liability required under the statute. See sec. 6654(a); Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992).

There is no "reasonable cause" exception for the section 6654(a) addition to tax similar to that for the section 6651(a) additions to tax. Nothing in the record indicates petitioner made the required amount of estimated tax payments for taxable years 1995 and 1996, and petitioner does not argue, and the record does not indicate, that any of the statutory exceptions apply.

The amount of the addition to tax under section 6654(a) stated in the deficiency notice is based on the returns prepared for petitioner by respondent prior to the filing of the notices of deficiency. Respondent now urges that the correct penalty under section 6654(a) should be computed on the basis of the higher amount of income and income tax stated on the Federal income tax returns that petitioner filed for 1996, 1997, and 1998 after the mailing of the notices of deficiency and stipulated by

the parties.   Petitioner has made no argument about this matter, and we agree with respondent.

The amount of the additions to tax requires computation from the foregoing.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155.</u>